PER CURIAM.
Richard Lee Hunter petitions this court for a writ of habeas corpus, asserting that his right to speedy trial has been violated. *492 We treat this as a petition for writ of prohibition and deny relief.
Hunter was tried and convicted of aggravated assault in the Circuit Court for Escambia County. This court affirmed on direct appeal. Hunter v. State, 654 So.2d 1167 (Fla. 1st DCA 1995). Petitioner moved for postconviction relief, raising claims of ineffective assistance of counsel. The motion was denied without a hearing and this court again affirmed. Hunter v. State, 704 So.2d 523 (Fla. 1st DCA 1997). Hunter sought relief in the federal courts through a petition for writ of habeas corpus. The United States District Court for the Northern District of Florida found that, under the standard announced in United States v. Cronic, 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984), Hunter had received ineffective assistance of trial counsel and ordered a new trial. The State of Florida timely appealed that decision to the Eleventh Circuit Court of Appeals. On December 5, 2000, the state’s appeal was dismissed for failure to file certain documents. By order of December 14, 2000, the Eleventh Circuit gave the state 90 days from the December 5 dismissal to re-try Hunter. On January 10, 2001, that deadline was extended by an additional 14 days. Meanwhile, the state moved to reinstate its appeal and showed that the documents in question had been timely filed but apparently misplaced by the clerk of court. The appeal was reinstated by the Eleventh Circuit on January 16, 2001.
Hunter filed a notice of expiration of speedy trial time and a motion for discharge in the Escambia County Circuit Court but no orders have been entered on these requests for relief. He asks this court to order his discharge on grounds that the state failed to retry him within 90 days of the U.S. District Court’s order as required by Florida Rule of Criminal Procedure 3.191(m). The State of Florida argues that, in these circumstances;, there was no breach of Hunter’s right to speedy trial.
Prohibition is the traditional remedy to raise an interlocutory speedy trial challenge in an appellate forum. Sherrod v. Franza, 427 So.2d 161 (Fla.1983). Petitioner makes an argument for habeas corpus as appropriate in these circumstances but the state asserts in its response that Hunter is serving sentences arising from other convictions and that he would not be entitled to release even if his claim is found to be meritorious. Petitioner did not dispute this contention in his reply and we treat this petition as seeking a writ of prohibition. Fla. R.App. P. 9.040(c).
Hunter contends that the state was obligated to re-try him within 90 days of the U.S. District Court’s decision under the terms of Rule 3.191(m) absent a stay approved by the Eleventh Circuit. However, the orders of the Eleventh Circuit entered after dismissal of the state’s appeal indicate that it regarded the time for bringing Hunter back to trial as stayed while the appeal was active. Now that the appeal has been reinstated, we conclude that a stay of the time to re-try Hunter is again in place and will remain so until conclusion of the appellate proceeding absent a clear indication to the contrary from the Eleventh Circuit. Accordingly, the petition for writ of habeas corpus, treated as a petition for writ of prohibition, is hereby denied.
PETITION DENIED.
BARFIELD, C.J., ALLEN and BROWNING, JJ., concur.